IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KAMARIA CUINGTON,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-3278** |
| | § | |
| **GONZOLO PADRON CRUZ and** | § | |
| **ADONAI EXPRESS TRANSPORT, INC.** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In reviewing Defendant Gonzalo Padron Cruz's ("Cruz") Notice of Removal (Doc. 1), filed December 13, 2018, the court notices a deficiency that leads it to question whether it has subject matter jurisdiction over this removed action. A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted). Accordingly, the court enters this order to *sua sponte* address its concerns to confirm whether it has subject matter jurisdiction to hear this action.

Cruz removed this action from state court based on diversity jurisdiction. In his Notice of Removal, Cruz alleges that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. He alleges that complete diversity of citizenship exists among the parties because Plaintiff Kamaria Cuington ("Cuington") is a Texas citizen, and both Cruz and Defendant Adonai Express Transport, Inc. ("Adonai Express") are Florida citizens. While Cruz satisfies the amount in controversy requirement and properly alleges his citizenship and that of Cuington, he

**Memorandum Opinion and Order – Page 1**

fails to adequately allege the corporate citizenship of Adonai Express. A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). As Cruz fails to set forth either Adonai Express's principle place of business or its state of incorporation, he has not adequately informed the court of that corporation's citizenship for purposes of establishing diversity jurisdiction.

The failure to allege adequately the basis of diversity mandates remand or dismissal of an action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Accordingly, the court must presume that this suit lies outside of its limited jurisdiction, unless Cruz can cure the jurisdictional deficiency noted in this order. *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919). Cruz shall, therefore, file an amended notice of removal that cures the deficiency noted in this opinion by **January 28, 2019**. Failure to do so will result in the *sua sponte* remand of this case to the state court from which it was removed for lack of subject matter jurisdiction.

**It is so ordered** this 15th day of January, 2019.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge